UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RAUL DAVID RIOS CASTILLO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06531-DAD-AC<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND DENYING MOTION TO APPOINT COUNSEL AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

On August 17, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order (Doc. No. 2), a motion to proceed *in forma pauperis* (Doc. No. 3),[1] and a motion to appoint counsel (Doc. No. 4).

On August 18, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On August 20, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) Therein, respondent states that petitioner is subject to a final removal order and detained pursuant to 8 U.S.C. § 1231(a)(6). (*Id.* at 1.) Respondent further states that petitioner has been detained pursuant to § 1231(a) since March 6, 2026. (*Id.* at 2.) Respondent argues that even if the court finds that petitioner's detention period has been longer than six months, there is good cause for petitioner's continued detention due to his lengthy criminal record. (*Id.*) Respondent does not contend that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future. Respondent also does not oppose the court ruling on the merits of the petition, and the court will do so.

Because petitioner's detention following his final removal order exceeds six months, respondent has not met their burden of demonstrating that there is a significant likelihood of removal in the reasonably foreseeable future, and dangerousness is not relevant to the *Zadvydas* analysis, the court will grant petitioner's petition for writ of habeas corpus. *See Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618, at *3 (E.D. Cal. July 16, 2026) (finding that dangerousness is not relevant to the *Zadvydas* analysis); *Rodriguez v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-00694-DAD-CKD, 2026 WL 770527, at *5 (E.D. Cal. Mar. 18, 2026) (finding that where the petitioner's post-final removal order detention exceeds six months and the respondent has not demonstrated a significant likelihood of removal in the reasonably foreseeable future, the appropriate remedy is petitioner's immediate release).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

a. Respondent is ORDERED to immediately release petitioner Keith Raul David Rios Castillo, A-File No. 026-415-572, from respondent's custody subject to reasonable terms of supervision as set forth in 8 U.S.C. § 1231(a)(3), 8 C.F.R. § 241.13(h);

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;

3. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED;

4. Petitioner's motion to appoint counsel (Doc. No. 4) is DENIED as having been rendered moot by this order granting habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE